TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
Santa Ana Branch Office
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:21-CR-00022-DOC |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT OLBERT MAXIMILIAN LARA |
| v. | |
| OLBERT MAXIMILIAN LARA, | |
| Defendant. | |

1.   This constitutes the plea agreement between OLBERT MAXIMILIAN LARA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the indictment in United States v. Lara, CR No. 5:21-CR-00022-DOC, which

charges defendant with Accessory After the Fact in violation of 18 U.S.C. § 3.

  b. Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

  b. Abide by all agreements regarding sentencing contained in this agreement.

  c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

       d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

       e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count five, that is, Accessory After the Fact, in violation of Title 18, United States Code, Section 3, the following must be true: (1) First, co-defendant COBY CHRISTOPHER HOUSE ("HOUSE") committed the crime of Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (iii); (2) Second, defendant knew that HOUSE had committed the crime of Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence; and (3) Third, defendant assisted HOUSE with the specific purpose or design to hinder or prevent that person's apprehension, trial, or punishment.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 3, is: 15 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant agrees to make full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 9, 2019, defendant drove a vehicle with co-defendant COBY CHRISTOPHER HOUSE ("HOUSE") in the passenger seat, in San Bernardino County, within the Central District of California. Defendant knew that HOUSE committed Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence, because HOUSE shot a firearm several times toward a group of people while defendant was driving the car. Thereafter, defendant drove the car away from the scene of the shooting. The next day, October 10, 2019, while defendant was again driving the vehicle with HOUSE in the passenger seat, one of the persons who had been shot at by HOUSE flagged down a police officer, who attempted to conduct a traffic stop of defendant and HOUSE. Defendant knowingly failed to stop for the officer, and instead drove the car away from the officer, who gave chase; defendant ran two red lights but stopped approximately two miles later. In driving away, defendant assisted HOUSE with the specific purpose and design of hindering and preventing both his own and HOUSE's apprehension, trial, and punishment.

## SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Except as set forth in paragraph 3 above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Except as set forth in paragraph 3, both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.    The right to confront and cross-examine witnesses against defendant.

    f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to offense level 11 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to the offense level and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney,

or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____     04/01/2022
GREGORY S. SCALLY                  Date
Assistant United States Attorney

_____     _____
OLBERT MAXIMILIAN LARA             Date
Defendant

_____     4-1-2022
KENNETH MILLER                     Date
Attorney for Defendant OLBERT
MAXIMILIAN LARA

or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____        _____
GREGORY S. SCALLY                         Date
Assistant United States Attorney

_/s/ signature_____        03/28/2022
OLBERT MAXIMILIAN LARA                    Date
Defendant

_____        _____
KENNETH MILLER                            Date
Attorney for Defendant OLBERT
MAXIMILIAN LARA

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    03/28/2022
OLBERT MAXIMILIAN LARA                        Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am OLBERT MAXIMILIAN LARA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    _4-1-22_____
KENNETH MILLER                      Date
Attorney for Defendant OLBERT
MAXIMILIAN LARA